UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WILLIAM MILLER, | ) | NO. CV 09-08761 MMM (SSx) |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM AND ORDER RE: PARTIES'** |
| CAVALRY PORTFOLIO SERVICES, LLC, | ) | **STIPULATED PROTECTIVE ORDER** |
| Defendant. | ) | |

The Court has received and considered the parties' proposed "Stipulation Re Request for Confidentiality Order" (the "Protective Order"). The Court is unable to adopt the Protective Order as stipulated to by the parties for the following reasons:

First, a protective order must be narrowly tailored and cannot be overbroad. Therefore, the documents, information, items or materials that are subject to the protective order shall be described in a meaningful and specific fashion (for example, "personnel records," "medical records," or "financial information," etc.). It is not sufficient to define the protected documents as "any Disclosure or

Discovery Material that is designated as 'Confidential' or as 'Highly Confidential - Attorneys' Eyes Only" where the designation of "Confidential" applies to any "information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c)" and the designation "Highly Confidential - Attorneys' Eyes Only" applies to any "extremely sensitive 'Confidential Information or Items' whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means." (Protective Order at 1-2, ¶¶ 2.3, 2.4, 2.8).

Second, the Court will not agree that material filed in this action will be designated by counsel as "filed pursuant to the Stipulated Protective Order," (Protective Order at 10 ¶ 10), because this designation might suggest that the Court has made a determination about whether particular material fits within the categories described by a Protective Order entered in this case.  If the parties wish to designate material as confidential, they can mark documents "confidential" but should not indicate that the Court has also reached a decision about the nature of the documents.

Third, the Protective Order does not establish the requisite good cause.  Pintos v. Pac. Creditors Ass'n, 565 F.3d 1106, 1115 (9th Cir. 2009) ("The relevant standard [for the entry of a protective order] is whether good cause exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." (internal quotation marks and alteration omitted)); Foltz v. State Farm Mut. Auto Ins. Co., 331 F.3d 1122, 1130

1  (9th Cir. 2003) (court's protective order analysis requires examination
2  of good cause (citing <u>Phillips v. Gen. Motors Corp.</u>, 307 F.3d 1206,
3  1210-11, 1212 (9th Cir. 2002)); <u>San Jose Mercury News, Inc. v. United
4  States Dist. Court</u>, 187 F.3d 1096, 1102 (9th Cir. 1999).

6      The Court may only enter a protective order upon a showing of good
7  cause. <u>Kamakana v. City and County of Honolulu</u>, 447 F.3d 1172, 1176
8  (9th Cir. 2006) (stipulating to protective order insufficient to make
9  particularized showing of good cause, as required by Rule 26(c));
10 <u>Phillips</u>, 307 F.3d at 1210-11 (Rule 26(c) requires a showing of good
11 cause for a protective order); <u>Makar-Wellbon v. Sony Electrics, Inc.</u>,
12 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders
13 require good cause showing).

15     In any revised stipulated protective order submitted to the Court,
16 the parties must include a statement demonstrating good cause for entry
17 of a protective order pertaining to the documents or information
18 described in the order.  The documents to be protected shall be
19 specifically described and identified.  The paragraph containing the
20 statement of good cause should be preceded by the phrase: "GOOD CAUSE
21 STATEMENT."  The parties shall articulate, for each document or category
22 of documents they seek to protect, the specific prejudice or harm that
23 will result if no protective order is entered. <u>Foltz</u>, 331 F.3d at 1130.
24 \\
25 \\
26 \\
27 \\
28 \\

Finally, the Court reminds the parties that all future discovery documents filed with the Court shall include the following in the caption: "[Discovery Document: Referred to Magistrate Judge Suzanne H. Segal]."

IT IS SO ORDERED.

DATED: July 26, 2010          _____/S/_____
                              SUZANNE H. SEGAL
                              UNITED STATES MAGISTRATE JUDGE